

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Samantha G. Wilson**
P 302.571.5018
F 302-576-3547
swilson@ycst.com

November 5, 2020

<u>**VIA CM/ECF**</u>

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:   *MicroSurgical Technology, Inc., et al. v. New World Medical, Inc.*,
              C.A. No. 20-754-MN

Dear Judge Noreika:

      Per the Court staff's instructions on November 4, 2020, Plaintiffs write to provide their proposals for resolution of a dispute they believe to be time-sensitive.[1]

      **The Dispute:** Plaintiffs MicroSurgical Technology, Inc. ("MST") and The Regents of the University of California filed their Complaint on June 4, 2020, accusing Defendant New World Medical, Inc.'s ("NWM") existing "Kahook Dual Blade" ("KDB") of infringement. (D.I. 1.) Plaintiffs recently learned that NWM intends to launch a next generation product called the "KDB GLIDE." Plaintiffs believe that the KDB GLIDE infringes the asserted patents and will compete directly with MST's product, causing Plaintiffs irreparable harm. Defendant disagrees.

      **Plaintiffs' Proposal:** To avoid unnecessary expedition and potential motion practice, Plaintiffs, promptly upon learning of the KDB GLIDE, asked that NWM provide limited, narrowly-tailored information permitting Plaintiffs to determine (1) when NWM will launch the new KDB GLIDE and (2) whether the new KDB GLIDE embodies any features or functions

---

[1] Plaintiffs shared a draft of this letter with counsel for Defendant, asking Defendant to provide its positions for the preparation of a joint submission. Counsel for Defendant reiterated its position from the parties' conferences that accelerated discovery on the KDB GLIDE is neither necessary nor warranted, and that Defendant did not intend to join in any submission on this issue. Plaintiffs reserve the right to respond to any response from Defendant to Plaintiffs' proposal regarding the timing and format for resolution of Plaintiffs' dispute.

Young Conaway Stargatt & Taylor, LLP
The Honorable Maryellen Noreika
November 5, 2020
Page 2

distinct from the existing accused KDB with respect to infringement of the asserted patents. Defendant refused to provide such information. The parties verbally met and conferred on October 27 for approximately 20 minutes but remain at an impasse. Plaintiffs therefore request limited expedited discovery to determine whether there is a basis and a need to move for a preliminary injunction and/or temporary restraining order against the imminent launch of the KDB GLIDE.[2] Because Plaintiffs risk irreparable harm if Plaintiffs seek discovery into the KDB GLIDE in the normal course,[3] as NWM would prefer, Plaintiffs are prepared to file an opening letter brief, not to exceed 3 single-spaced pages (excluding exhibits), by November 6, 2020. Plaintiffs propose that Defendant file a responsive letter brief, not to exceed 3 single-spaced pages (excluding exhibits), by November 9, 2020. If the Court wishes to schedule a teleconference regarding this matter, Plaintiffs defer to the Court's preference as to whether it does so now or following review of the parties' papers, but respectfully request that any teleconference be held as soon as practicable.

Should Your Honor have any questions regarding the foregoing, counsel for Plaintiffs are available at the Court's convenience.

Respectfully,

*/s/ Samantha G. Wilson*

Samantha G. Wilson (No. 5816)

cc:   All counsel of record (by CM/ECF)

27298803.1

---

[2] Should Plaintiffs determine that a preliminary injunction and/or a temporary restraining order is warranted, they also may seek leave to amend/supplement their complaint to assert infringement of the KDB GLIDE.

[3] Separate from discussions regarding the KDB GLIDE, discovery opened on November 2, 2020, the date the parties held their Rule 26(f) conference. Thus, Plaintiffs will not delay in serving the limited discovery it seeks regarding the KDB GLIDE, but without waiver of their right to request that the Court order such discovery to be expedited.